IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CAMILLE, | : |
| | : |
| Movant/Defendant, | : |
| | : |
| v. | : Civ. A. No. 14-010-LPS |
| | : Crim. A. No. 96-09-LPS |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent/Plaintiff. | : |

## **MEMORANDUM**

## **I.      BACKGROUND**

In June 1996, Movant Robert Camille pled guilty to car jacking (18 U.S.C. § 2119) and

use of a firearm during and in relation to a violent crime (18 U.S.C. § 924(c)(1)). (D.I. 27) The

Honorable Joseph J. Longobardi sentenced him to 175 months imprisonment. (D.I. 45)

Movant's convictions and sentence were affirmed on direct appeal. (D.I. 51)

In 1998, Movant filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to

28 U.S.C. § 2255 (D.I. 52), which the Honorable Joseph J. Farnan, Jr. denied as time-barred. *See*

*United States v. Cammile*, 2001 WL 877578 (D. Del. Aug. 1, 2001).[1]  In July 2013, Movant filed

a Motion to Grant Good Faith for Time Served. (D.I. 90)  The Court denied that Motion after

construing it as a request to order the Bureau of Prisons ("BOP") to recalculate Movant's

sentence. (D.I. 94)

On January 6, 2014, Movant filed a new § 2255 Motion, asserting that his sentence

---

[1]The spelling of Movant's name in Westlaw differs from the actual spelling of Movant's name.

violates *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), because it "incorporated judicial factfinding under a preponderance standard." (D.I. 95 at 1) Contending that *Booker* and *Blakely* apply retroactively to his case, Movant requests the Court to vacate his sentence.

## II.    STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28 U.S.C. § 2255 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2255 (h); 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Absent such authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2255 motion. *See* 28 U.S.C. § 2244(b)(4); *Pelullo v. United States*, 487 F. App'x 1, 2 n.2 (3d Cir. 2012); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.    DISCUSSION

The instant § 2255 motion is Movant's second request to vacate the sentence imposed for his convictions in 1996. The dismissal of Movant's first § 2255 Motion as time-barred constitutes an adjudication on the merits, rendering the instant Motion second or successive for the gate-keeping purposes of 28 U.S.C. §§ 2244 (a) and 2255(h). *See Faines v. United States*, 2013 WL 6571679, *1 (D. Del. Dec. 12, 2013) (collecting cases). The record does not contain any indication that Movant obtained an order from the Third Circuit Court of Appeals allowing this Court to consider the pending § 2255 motion. Therefore, the Court will dismiss the instant

2

Motion for lack of jurisdiction.[2] *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (if a movant files a second or successive motion "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

The Court will also decline to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Movant's § 2255 Motion constitutes an unauthorized second or successive § 2255 motion under 28 U.S.C. § 2244 and § 2255(h). Accordingly, the Court will dismiss Movant's § 2255 Motion for lack of jurisdiction. A separate Order will be entered.

Dated: August 14, 2014

UNITED STATES DISTRICT JUDGE

---

[2]Movant may seek permission from the Third Circuit Court of Appeals to file a second or successive § 2255 motion. However, the Third Circuit has held that *Booker* does not provide a basis for granting a movant permission to file a second or successive § 2255 motion because it does not constitute a "new rule of constitutional law, made retroactive to cases on collateral review." *See United States v. Olopade*, 403 F.3d 159 (3d Cir. 2005).

3